IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

RICHARD A. CHATMAN,

:

    Petitioner,                                  Case No. 2:10-cv-1091

:                District Judge George C. Smith
    -vs-                                        Magistrate Judge Michael R. Merz

Warden, Ross Correctional Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR NEW TRIAL

       This habeas corpus case is before the Court on Petitioner's Motion to Amend the Judgment (Doc. No. 14). Essentially Petitioner wants the Court to vacate its Judgment of April 17, 2013, which adopted the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice (Doc. Nos. 11, 12).

       The Report was filed March 26, 2013 (Doc. No. 9). Under Fed. R. Civ. P. 72, Petitioner's objections were due to be filed by April 12, 2013. Instead of filing objections, Petitioner filed a motion for a sixty-day extension of time to file objections (Doc. No. 10). That Motion, according to Petitioner's certificate of service, was mailed on April 12, 2013, but did not reach the courthouse until April 17, 2013. Having received no objections within five days of the date on which they should have been filed, Judge Smith adopted the Report and dismissed the case. Although the Magistrate Judge had granted Petitioner's Motion for Extension, Judge Smith, as the District Judge to whom the case is assigned, certainly had authority to overrule that extension, which he effectively did by adopting the Report after the extension was granted.

1

In seeking to reopen the judgment, Petitioner recites the usual litany of hardships faced by prisoners proceeding *pro se* (Motion, Doc. No. 14, PageID 694-695.)  This is essentially the same litany Petitioner recited in seeking the extension of time (Motion, Doc. No. 10, PageID 686.)  But Petitioner has not shown good cause to reopen the judgment.  While it may take some time for a *pro se* habeas petitioner to prepare substantive objections, that does not explain why Petitioner waited until the very last day of the objection period to ask for an extension.  There is nothing difficult about drafting that motion, but by waiting to mail it on the very last day of the objection period, Petitioner took the risk that the Court would do exactly what it did do:  adopt the Report when no objections had been timely received.

Moreover, Petitioner has still offered nothing of substance on the merits.  The Return of Writ in this case was filed March 17, 2011 (Doc. No. 5).  In the two years between then and the date of transfer to the undersigned, Petitioner filed nothing in response to the Answer, despite his right under Rule 5 of the Rules Governing § 2254 cases to file a reply/traverse.

Petitioner has not demonstrated any error of law in the judgment in this case.  His Motion to Amend the Judgment should be denied.

May 9, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).